UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| PAUL R. GIANOLI, | Case No. 3:22-cv-00189-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STATE FARM MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Paul Gianoli filed this uninsured/underinsured motorist ("UIM") coverage dispute in state court against Defendant State Farm Mutual Insurance Company. (ECF No. 1-1.) Defendant removed to this Court under 28 U.S.C. § 1332 based on diversity jurisdiction. (ECF No. 1.) Plaintiff moved to remand, contending the amount in controversy is not satisfied. (ECF No. 5.) The Court grants Plaintiff's motion to remand because it is unopposed[1] and because the Court agrees that Defendant has failed to show the amount in controversy is met.

Plaintiff argues that Defendant has not met their burden of demonstrating the amount in controversy exceeds $75,000. (ECF No. 5 at 3.) Specifically, Plaintiff argues that State Farm's UIM policy limit at issue is $50,000, and that Defendant does not provide specific facts as to the value of Plaintiff's claim to establish the amount in controversy exceeds $75,000. (*Id.*) The Court agrees.

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in

---

[1]Defendant did not file a response to Plaintiff's motion to remand. Such failure constitutes consent to the granting of the motion. *See* LR 7-2(d).

controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy is met. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). Conclusory allegations are insufficient. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d at 1089, 1090-91 (9th Cir. 2003) (citation omitted).

The parties do not appear to dispute the UIM policy at issue is $50,000. (ECF Nos. 1 at 2, 1-1 at 3.) However, that amount alone is insufficient to reach the statutory requirement. *See* 28 U.S.C. § 1332(a). While courts are permitted to consider punitive damages, *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), and potential attorney's fees, *see Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998), when determining the amount in controversy, Defendant has failed to show either or both would exceed the requirement. Defendant's petition insufficiently concludes that "[t]he matter in controversy exceeds $75,000.00" without providing much more. (ECF No. 1 at 2.) Because the Court has doubt that the amount in controversy is met pursuant to § 1332(a), the Court will reject "the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

It is therefore ordered that Plaintiff's motion to remand (ECF No. 5) is granted.

The Clerk of Court is directed to close this case.

DATED THIS 6th Day of June 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE